Citation Nr: 1546203 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 13-05 416 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), depression, and anxiety.

2. Entitlement to a total evaluation based upon individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: J. Michael Woods, Attorney


ATTORNEY FOR THE BOARD

Shana Z. Siesser, Counsel
INTRODUCTION

The Veteran had active duty service from September 1985 to November 1985 and from August 1989 to July 1993.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2012 rating decision issued by the Department of Veterans Affairs Regional Office (RO) in St. Paul, Minnesota.

The Board remanded the case in April 2015 for further development. The case has since been returned to the Board for appellate review.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into account the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

The Veteran was afforded a VA examination in October 2012 in connection with her claim for service connection for an acquired psychiatric disorder. However, in April 2015, the Board found that opinion to be inadequate and remanded the case, in pertinent part, to obtain a VA medical opinion addressing whether any of the Veteran's diagnoses of record were related to her military service or secondary to her service-connected tinnitus. The Board also indicated that the examiner needed to specifically address the findings reported by Dr. H.H.-G.

Following the remand, an additional VA medical opinion was obtained in August 2015. However, the examiner merely quoted her prior opinion, which was speculative with respect to PTSD. In addition, she did not acknowledge or discuss Dr. H.H.-G.'s findings, as directed in the April 2015 remand. Therefore, the Board finds that an additional VA examination and medical opinion are needed in this case. Barr v. Nicholson, 21 Vet. App. 303 (2007); Stegall v. West, 11 Vet. App. 268 (1998). 

The Board also notes that a decision on the claim for service connection could change the outcome of the Veteran's claim for TDIU. As such, the claims are inextricably intertwined. For this reason, the service connection claim must be resolved prior to resolution of the claim for TDIU. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (the prohibition against the adjudication of claims that are inextricably intertwined is based upon the recognition that claims related to each other should not be subject to piecemeal decision-making or appellate litigation). Accordingly, a remand is required for the AOJ to adjudicate the inextricably intertwined issues.

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be afforded a VA examination to determine the nature and etiology of any acquired psychiatric disorder that may be present. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed, but should include psychological testing, including PTSD sub scales. 

The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and assertions. The examiner should specifically consider the October 2014 findings of Dr. H.H.-G.

It should be noted that the Veteran is competent to attest to matters of which she has first-hand knowledge, including observable symptoms. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examiner should identify all current psychiatric disorders. He or she should specifically address the medical evidence of record, including prior diagnoses and the October 2014 findings of Dr. H.H.-G., and indicate whether the Veteran has PTSD, depression, and anxiety.

For any diagnosis identified other than PTSD, the examiner should indicate whether it is at least as likely as not that that the disorder is related to the Veteran's military service.

With respect to PTSD, the AOJ should provide the examiner with a summary of any verified in-service stressors, and the examiner must be instructed that only these events and any personal assault he or she determines to have occurred in service may be considered for the purpose of determining whether exposure to an in-service stressor has resulted in PTSD. 

The examiner should comment on whether the Veteran exhibited any behavioral changes during service that are reflective of the occurrence of an in-service physical assault. Examples of behavior changes that may constitute credible evidence of the stressor include, but are not limited to: a request for a transfer to another military duty assignment; deterioration in work performance; substance abuse; episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes.

If there is a verified stressor or if the examiner determines that a personal assault occurred in service, he or she should determine whether the diagnostic criteria to support the diagnosis of PTSD have been satisfied. If the PTSD diagnosis is deemed appropriate, the examiner should then comment upon the link between the current symptomatology and any verified in-service stressor, including personal assault if found.

In addition, the examiner should opine as to whether any current psychiatric disorder is caused by or permanently aggravated by the Veteran's service-connected tinnitus.

(The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of conclusion as it is to find against it.)

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1, copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file, must be made available for review.

2. The AOJ should then review the claims file and ensure that all of the foregoing development actions have been conducted and completed in compliance with the directives. If any development is incomplete, appropriate corrective action should be implemented. The AOJ should also conduct any other development deemed necessary as a result of the action taken in the preceding paragraph.

3. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of additional evidence. If the benefits sought are not granted, the appellant and her representative should be furnished a supplemental statement of the case (SSOC) and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.
 
The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).